| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO **STATE OF COLORADO** 1437 Bannock Street Denver, Colorado 80202 | DATE FILED: January 4, 2019 3:10 PM FILING ID: E94F0CE64F908 CASE NUMBER: 2018CV630 |
| **Plaintiff(s):** BRIAN BATH<br><br>v.<br><br>**Defendants:** EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES LLC; LEXISNEXIS RISK SOLUTIONS, INC.; AMERICAN EXPRESS COMPANY; DISCOVER FINANCIAL SERVICES; BANK OF AMERICA; J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES; ONEMAIN FINANCIAL SERVICES, INC.; CITIBANK, N.A.; WELLS FARGO MERCHANT SERVICES, LLC; BARCLAYS BANK, PLC; BANK OF MISSOURI, dba OLLO; CAPITAL ONE, N.A.; JANE AND DOES 1-100; | ▲ **COURT USE ONLY** ▲ <hr> Case No.:        2018CV000630<br><br>Div:             215 |
| *Attorneys for defendant OneMain Financial Services, Inc.*<br><br>**AKERMAN LLP** Justin D. Balser (Reg. No. 34365) Erin E. Edwards (Reg. No. 49459) 1900 Sixteenth Street, Suite 1700 Denver, Colorado 80202 Telephone: (303) 260-7712 Facsimile: (303) 260-7714 Email: justin.balser@akerman.com Email: erin.edwards@akerman.com | |
| **ONEMAIN FINANCIAL SERVICES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** | |

Defendant OneMain Financial Services, Inc. answers plaintiff Brian Bath's class action complaint.

1.      OneMain admits plaintiff alleges he brings this matter as a class action for defendants' alleged violations of state and federal laws of theft and fraud. OneMain denies it violated any state or federal laws. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and denies them.

2.      OneMain states these allegations are legal conclusions not subject to denial or admission. To the extent a response is required, OneMain denies the allegations are a complete statement of the law.

3.      OneMain states these allegations are legal conclusions not subject to denial or admission.  To the extent a response is required, OneMain denies the allegations are a complete statement of the law.

4.      OneMain states these allegations are legal conclusions not subject to denial or admission.  To the extent a response is required, OneMain denies the allegations are a complete statement of the law.

5.      OneMain states these allegations are legal conclusions not subject to denial or admission.  To the extent a response is required, OneMain denies the allegations are a complete statement of the law.

6.      OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

7.      OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

8.      OneMain denies it received a tri-merge consumer report regarding plaintiff from Factual Data in or around March 2017.  OneMain lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and denies them.

9.      OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

10.     OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

11.     OneMain admits Experian Information Solutions, Inc. is a consumer reporting agency.  OneMain lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and denies them.

12.     OneMain admits Trans Union, LLC is a consumer reporting agency.  OneMain lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and denies them.

13.     OneMain admits Equifax Information Services, LLC is a consumer reporting agency.  OneMain lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and denies them.

14.     OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

15. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

16. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

17. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

18. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

19. Denied as stated. OneMain admits it is a Maryland corporation. OneMain further admits it has offices in Baltimore, Maryland. OneMain denies the remaining allegations in paragraph 19.

20. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

21. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

22. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

23. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

24. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

25. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

26. OneMain denies it reviewed plaintiff's consumer credit file without authorization. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and denies them.

27. OneMain denies it reviewed plaintiff's consumer credit file without authorization or a permissible purpose. OneMain further denies it inaccurately reported on plaintiff's account. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and denies them.

28.     OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

29.     OneMain denies it willfully or negligently violated the FCRA, 15 U.S.C. 1681s-2(b), denies it failed to conduct a reasonable investigation into plaintiff's dispute, and denies it failed to review or mark the tradelines as disputed. OneMain lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and denies them.

30.     OneMain lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

31.     Denied.

32.     OneMain denies all allegations not expressly admitted.

## PRAYER FOR RELIEF

OneMain denies plaintiff is entitled to any damages against OneMain as set forth in his prayer for relief, including all subparts.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the purported causes of action in plaintiff's complaint, OneMain alleges the affirmative defenses set forth below.  By the following allegations, OneMain does not assume the burden of proving any fact or element of a cause of action where such burden properly belongs to plaintiff.

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's claims are barred to the extent that recovery from OneMain would result in plaintiff's unjust enrichment.

### SECOND AFFIRMATIVE DEFENSE

2.     The complaint is barred, in whole or in part, because OneMain acted in compliance with all applicable laws, statutes, and regulations.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's complaint fails to state a cause of action upon which costs can be awarded to plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

4.      The complaint is barred, in whole or in part, because any injury, damage, or loss allegedly sustained by plaintiff was proximately and actually caused by and contributed to by the negligence or carelessness of plaintiff because plaintiff failed to exercise ordinary care at the times and in the places set forth in the complaint and during the servicing of the loan at issue in the complaint. Recovery by plaintiff should be barred or reduced to the extent of such responsibility.

## FIFTH AFFIRMATIVE DEFENSE

5.      OneMain is not legally responsible for the damages claimed by plaintiff; however, if OneMain is found to be legally responsible in any manner, then it alleges its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-defendant parties, persons, and entities, or the agents, servants, and employees of such non-defendant parties, persons, and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or other equitable principles.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff has failed to mitigate his damages, and to the extent of such failure to mitigate, any damages awarded to plaintiff should be reduced accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff lacks standing to pursue his claims.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff has no cause of action for violations of the FCRA because, at all times relevant herein, OneMain accessed plaintiff's consumer credit file with a permissible purpose.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims against OneMain are barred by the statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     At all times relevant herein, OneMain conducted a reasonable investigation of plaintiff's credit reporting disputes.

### TWELFTH AFFIRMATIVE DEFENSE

12.     OneMain specifically denies it willfully or knowingly violated the FCRA, or that it acted with any intent or knowledge to cause any injury or loss to plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff is barred from recovery in that any damage sustained by plaintiff was the direct and proximate result of the independent, intervening, negligent, and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of OneMain.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff brought the complaint in bad faith, entitling OneMain to attorney's fees pursuant to 15 U.S.C. § 1681n(c) and 1681o(b).

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     OneMain has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. OneMain reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

WHEREFORE, OneMain prays for judgment as follows:

1.      The complaint and every cause of action therein be dismissed with prejudice;

2.      Plaintiff's prayers for relief be denied;

3.      Judgment be entered in OneMain's favor;

4.      OneMain be awarded its attorneys' fees and costs, if allowable, in this action; and

5.      OneMain be awarded such other and further relief as the Court deems proper.

Dated this 4th day of January, 2019.          **AKERMAN LLP**


By: *s/ Erin E. Edwards*
Justin D. Balser, Reg. No. 34365
Erin E. Edwards, Reg. No. 49459

*Attorneys for defendant OneMain Financial
Services, Inc.*

## CERTIFICATE OF SERVICE

I certify on this 4th day of January, 2019, a true and correct copy of the foregoing **ONEMAIN FINANCIAL SERVICES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** was filed and served via ICCES on the following:

Brian E. Bath
5994 S. Holly Street, Box 224
Greenwood Village, Colorado 80111-4221

*Pro se plaintiff*

Anthony E. Derwinski
RUEGSEGGER SIMONS & STERN, LLC
1700 Lincoln Street, Suite 4500
Denver, Colorado 80203

*Attorneys for defendants Barclays Bank PLC,*
*Discover Financial Services and Bank of*
*Missouri d/b/a Ollo*

James D. Kilroy
Rebekah L.W. Elliott
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202

*Attorneys for defendant Wells Fargo Bank, N.A.*


Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202

*Attorney for defendant LexisNexis Risk Solution Inc.*

*s/ Nick Mangels*
Nick Mangels