**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:19-cv-00106-RM-NYW

BRIAN BATH,

    Plaintiff,

EXPERIAN INFORMATION SOLUTIONS, INC.,
et al.,

    Defendants.

---

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**

---

Defendant Equifax Information Services LLC ("Equifax") moves for an order enforcing the settlement reached by Plaintiff and Equifax. As shown below, there is an enforceable settlement agreement in this case. Accordingly, Equifax's motion should be granted and Plaintiff's claims in this case should be dismissed with prejudice against Equifax.

**FACTUAL BACKGROUND**

This is a case under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. (Doc. 1-2.) Plaintiff, proceeding pro se, alleges that Equifax failed to provide him with information in his credit file upon request in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(a)(1). (*Id.*)

On January 30, 2019, Equifax and Plaintiff agreed to settle Plaintiff's claims in the above-captioned case in principle in exchange for an undisclosed sum of money, as well as in his other pending case against Equifax – case no. 1:19-cv-00106. *See* Exhibit 1. On the same day, Equifax provided Plaintiff with a proposed settlement agreement for discussion. *Id*. On January 31, 2019, Equifax's counsel provided Plaintiff with a final version of the settlement agreement via e-mail, which Plaintiff signed and returned to Equifax the same day. *See* E-mail strand

1

ending January 31, 2019 and attachments, attached hereto as Exhibit 2. Though Plaintiff named the attached file as "Equifax Stipulation.pdf", the attached file was a scanned copy of the signed agreement and Plaintiff's W9. *Id*. at pp. 1, 3. Equifax counter-signed the agreement on February 6, 2019. *See* E-mail strand and attachments ending March 8, 2019, attached hereto as Exhibit 3. On February 13, 2019, Equifax provided a counter-signed version to Plaintiff along with a check for the settlement amount of $4,500. *See id*.; *see also* Equifax Check for $4,500 Issued on February 13, 2019, attached hereto as Exhibit 4. On February 22, 2019, the settlement check was negotiated by Plaintiff. *See* Exhibit 4.

According to the terms of the settlement agreement, Plaintiff agreed that Equifax could file a stipulation of dismissal with prejudice as to Equifax only. *See* Exhibit 3, p. 7. On February 28, 2019, Equifax's counsel provided Plaintiff with a proposed stipulation of dismissal, which Plaintiff refused to sign on more than one after receiving the settlement funds. *See* Exhibit 3, pp. 3-4. As his basis for refusing to stipulate to dismissal in this matter, Plaintiff says that Equifax must delete two items of credit information appearing on his Equifax credit file; 1) a notation that Plaintiff filed Chapter 7 Bankruptcy case no. 1311630 in the U.S. Bankruptcy Court for the District of Colorado in February 2013 and that the case was discharged; and, 2) another disputed notation of credit file information. *See* Exhibit 3, pp. 1 – 3. These claims fall outside the scope of his claims in this case, and Plaintiff concedes as much. *Id*. Paragraph 7 of the settlement agreement signed by Plaintiff states that Plaintiff agrees not to initiate legal action regarding the information on Plaintiff's January 31, 2019 Equifax Consumer Credit Report attached to the settlement agreement as Exhibit A, and that Equifax may publish the information contained in Exhibit A "in the normal course of its business." *See* Exhibit 3, p. 9. Exhibit A to the settlement agreement contains both the notation of Plaintiff's Chapter 7 Bankruptcy and the

2

other disputed notation on Plaintiff's file of which he now complains.  *Id*., pp. 18, 21.  Plaintiff waived all his existing claims arising from his credit report "now existing and up to the date on which Plaintiff signs this Agreement […]"  *Id*., p. 8.

Equifax's counsel has been in regular contact with Plaintiff since the delivery of funds, imploring him to send the signed stipulation of dismissal required to bring this case to a conclusion.  *See* Exh. 3, pp. 1 – 3.  Plaintiff signed the settlement agreement and provided a copy to Equifax.  *See* Exhibits 2, 3.  Equifax executed its end of the agreement and provided Plaintiff with the settlement funds, and the funds have cleared from Equifax's account.  *See* Exhibits 2, 3, & 4.  Despite this, as noted to the Magistrate Judge at the Status Conference on March 12, 2019, Plaintiff has reneged and now refuses to sign the stipulation of dismissal Equifax's counsel provided.  *Id*.  Instead, he now insists on the removal of additional items of credit information – items he specifically permitted Equifax to report – from his Equifax credit report as an additional condition of dismissing his claims with prejudice.

## ARGUMENT AND CITATION TO AUTHORITY

The Court should grant Equifax's motion and enforce the settlement.  A district court "has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *U.S. v. Hardage*, 982 F. 3d 1491, 1496 (10th Cir. 1993) (citing *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3rd Cir. 1991), *Millner v. Norfolk & W.R. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)); *see also Collins v. Educational Therapy Center*, 184 F.3d 617, 620 (7th Cir. 1999) (affirming District Court's holding enforcing settlement).

Basic principles of contract law apply to settlement agreements. *Republic Res. Corp. v. ISI Petroleum W. Caddo Drilling Program 1981*, 836 F.2d 462, 465 (10th Cir. 1987). "When the terms of a contract are not ambiguous, courts 'give them legal effect according to their plain,

3

ordinary and popular meaning.'" *Id*. (quoting *Resort Car Rental Sys., Inc. v. Chuck Ruwart Chevrolet, Inc.*, 519 F.2d 317, 320 (10th Cir.1975)).  When determining the terms and enforceability of a settlement agreement, federal courts apply the governing state contract law. *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10 Cir. 2004); *Evans-Carmichael v. United States*, 250 Fed.Appx. 256, 262 (10th Cir. 2007); *see also Boulware v. Baldwin*, 545 Fed. App'x. 725, 728 (10th Cir. 2013) (holding that "state law governs the enforcement and interpretation of private settlement agreements even if the settle federal claims.")  The settlement agreement in this case was made in Colorado and Colorado law applies.

Under Colorado law, the Court may "summarily enforce a settlement agreement if it is undisputed that a settlement exists." *Silva v. US Bank, Nat'l Assoc.*, 294 F.Supp.3d 1117 (D. Colo. 2018) (citing *DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1247 (Colo. App. 2001) (citations omitted)).  Here, a settlement indisputably exists, because Equifax and Plaintiff each executed a settlement agreement with clear and unambiguous terms.  *See* Exh. 3, pp. 6 – 33. Equifax fulfilled the terms of the agreement on its end when it provided Plaintiff with the settlement funds.  *See* Exhibit 4.  Plaintiff then refused to fulfill his obligations under the settlement agreement.  Equifax requires Plaintiff's signature to complete and file the stipulation of dismissal, pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii), but Plaintiff refused to stipulate to dismissal.  Exh. 3, pp. 1-3.  Plaintiff attempted to extort Equifax into removing additional negative items from his credit file which he specifically agreed Equifax could report.  Plaintiff even acknowledged that these items fall outside his claims in this lawsuit by threatening to file a new case asserting claims arising from the reporting of the Bankruptcy and additional item of credit.  *See* Exh. 3, p. 3.  However, Plaintiff has expressly waived any claims regarding those items by operation of the settlement agreement.  *See id*., p. 8.  Despite all this, Plaintiff persists in

this bad faith conduct and rhetoric that he knows to be ingenuine. He knows full well he cannot agree to dismiss his claim, accept payment from Equifax, then refuse to dismiss his claim – and further – immediately file a new claim he waived based on the explicit language of his settlement agreement. Plaintiff must not be permitted to flaunt the agreed terms of his settlement with Equifax in this way.

## CONCLUSION

For the reasons set forth above, the Court should grant Equifax's motion to enforce and dismiss this case with prejudice pursuant to the terms of the settlement agreement.

DATED: March 19, 2019.          Respectfully submitted,

                                EQUIFAX INFORMATION SERVICES LLC


                                By: */s/ Megan Garnett*
                                Thomas Wagner
                                Megan Garnett
                                Polsinelli, P.C.
                                1401 Lawrence Street, Suite 2300
                                Denver, CO 80202
                                Tel. (303) 583-8238
                                TWagner@Polsinelli.com
                                MGarnett@Polsinelli.com

                                *Counsel for Defendant Equifax Information Services LLC*

## CERTIFICATE OF SERVICE

This is to certify that on March 19, 2019, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Benton Jordan Barton
Elizabeth K. Olson
Hall & Evans, LLC-Denver
1001 Seventeenth Street, Suite 300
Denver, CO 80202

Kristin Lee Marker
Lauren Michelle Wood
Quilling Selander Lownds Winslett & Moser
6900 North Dallas Parkway, Suite 800
Plano, TX 75024

Donna Woo
Jones Day-Irvine
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408

Robyn Berger Averbach
Campbell Latiolais & Averbach, LLC
5251 DTC Parkway, Suite 350
Greenwood Village, CO 80111

Alan Daniel Schindler
Timmins, LLC
450 East 17th Avenue, Suite 210
Denver, CO 80203

Sarah E. Barr
Scott F. Llewellyn
Morrison & Foerster, LLP
370 17th Street
Republic Plaza, Suite 4200
Denver, CO 80202-5638

Alisa Marie Taormina
Brian Charles Frontino
Stroock Stroock & Lavan, LLP-Miami
200 South Biscayne Boulevard, Suite 3100
Miami, FL 33013

Kali R. Backer
Shook Hardy & Bacon, LLP
1660 17th Street, Suite 450
Denver, CO 80202

James D. Kilroy
Rebekah Lee Wallace Elliott
Snell & Wilmer, LLP
1200 17th Street
One Tabor Center, Suite 1900
Denver, CO 80202

And via U.S. Mail to:

Brian Bath
5994 South Holly Street
#224
Greenwood Village, CO 80111

/s/ *Megan Garnett*
Megan Garnett