**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:19-cv-00106-RM-NYW

BRIAN BATH,
        Plaintiff,
v.
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION, LLC;
EQUIFAX INFORMATION SERVICES LLC;
LEXISNEXIS RISK SOLUTIONS, INC.
AMERICAN EXPRESS COMPANY;
DISCOVER FINANCIAL SERVICES;
BANK OF AMERICA;
J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES;
ONEMAIN FINANCIAL SERVICES, INC.
CITIBANK, N.A.;
WELLS FARGO MERCHANT SERVICES, LLC;
BARCLAYS BANK PLC;
BANK OF MISSOURI, dba OLLO;
CAPITAL ONE, NA;
JANE AND DOES 1-100
        Defendants.

## WELLS FARGO BANK, N.A.'S MOTION TO ENFORCE SETTLEMENT

Defendant Wells Fargo Bank, N.A., improperly named as Wells Fargo Merchant Services, LLC, ("Wells Fargo"), submits its Motion to Enforce Settlement (this "Motion") and states as follows:

### CONFERRAL CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with Plaintiff Brian Bath regarding this Motion.  Mr. Bath opposes the requested relief.

1. Mr. Bath commenced this action by filing a Complaint For Theft And Fraud Class Action Complaint ("Complaint") in Denver County District Court on December 10, 2018 (Case No. 2018CV630), asserting claims against Wells Fargo and others.

2. This matter was removed to this Court on January 11, 2019, and Wells Fargo filed its Motion to Dismiss Plaintiff's Complaint on January 15, 2019. *See* ECF No. 38.

3. Mr. Bath filed his Unopposed Motion to Amend Complaint on January 28, 2019, which this Court granted on February 4, 2019, denying Wells Fargo's Motion to Dismiss as moot. *See* ECF Nos. 57 and 70.

4. Undersigned counsel spoke with Mr. Bath, on behalf of Wells Fargo, on February 13, 2019. During the phone conversation, Mr. Bath and Wells Fargo agreed to certain and definite terms that resolved all of Mr. Bath's claims against Wells Fargo and, among other things, permitted Wells Fargo to file a stipulation to dismiss Wells Fargo from this matter with prejudice (the "Agreement").[1]

5. Immediately after the phone conversation, undersigned counsel sent an email to Mr. Bath confirming the material terms of the Agreement ("Settlement Email"). *See* Exhibit A.

6. Mr. Bath responded to the Settlement Email and stated that "he agree[d] to the terms." *See* Exhibit B.

7. On February 14, 2019, Wells Fargo filed a Notice of Settlement informing this Court that Mr. Bath and Wells Fargo had settled all claims between them and that the parties

---

[1] The Agreement also fully and finally resolves all of Mr. Bath's claims against Wells Fargo in 1:19-cv-00606-RM-NYW and permits Wells Fargo to file a stipulation to dismiss Wells Fargo from this action as well. Wells Fargo is filing a motion to enforce the Agreement in 1:19-cv-00606-RM-NYW concurrently with this Motion.

were in the process of completing the final settlement documents.  *See* ECF No. 87.  Wells Fargo expected that the parties would finalize the settlement documents and that Wells Fargo would file the stipulation for dismissal within thirty (30) days.  *See id.*

8. In accordance with the Agreement, counsel for Wells Fargo prepared a draft written settlement agreement, which incorporates all of the terms of the Agreement (the "Settlement Agreement").  *See* Exhibit C.[2]

9. On February 28, 2019, Mr. Bath emailed undersigned counsel requesting an update on his settlement payment and stated that he "[w]ould hate to file another action against Wells Fargo."  *See* Exhibit D.

10. On that same date, undersigned counsel responded to Mr. Bath with a copy of the Settlement Agreement and a W-9 form.  *See* Exhibit E.  Undersigned counsel explained that Wells Fargo would send a check within fifteen (15) days of receiving the executed Settlement Agreement and W-9 form.

11. Mr. Bath responded that he now required more money to execute the Settlement Agreement and stipulate to dismiss Wells Fargo, with prejudice, from the two pending actions.  *See* Exhibit F.

12. The next day, Mr. Bath emailed undersigned counsel stating that Wells Fargo was in default and threatened to file sanctions against undersigned counsel.  *See* Exhibit G.  Mr. Bath's demands for additional money and threats of additional legal action continued over the next week.

---

[2] Due to the confidential nature of the Settlement Agreement, Exhibit C is the subject of a separate Motion to Restrict Access.  Accordingly, Exhibit C is filed as restricted and shall be subject to restriction until the motion is determined by the Court.  *See* D.C.COLO.LCivR 7.2(e).

13. On March 8, 2019, undersigned counsel emailed Mr. Bath and requested that Mr. Bath send executed versions of the W-9 form and the Settlement Agreement, or any proposed changes, to undersigned counsel by Monday, March 11, 2019, so that Wells Fargo could issue the settlement check and complete its obligations under the Agreement. *See* Exhibit H.

14. Mr. Bath responded with an executed version of the Settlement Agreement that significantly increased the amount of the payment from Wells Fargo to Mr. Bath, and a partially completed W-9 form. *See* Exhibit I.[3] Mr. Bath did not propose any other revisions to the Settlement Agreement.

15. Undersigned counsel responded to Mr. Bath that Wells Fargo did not accept his proposed revision to the payment amount and reminded Mr. Bath of the Agreement's terms. *See* Exhibit J. To date, Mr. Bath refuses to adhere to the Agreement. *See, e.g.*, Exhibit K.

16. "A trial court has the inherent power to summarily enforce settlement agreements entered into by the litigants in cases before the court." *City & County of Denver v. Adolph Coors Co.*, 813 F. Supp. 1476, 1479 (D. Colo. 1993). Settlement agreements are favored by the courts. *Id*. A signature is "not always necessary to create a binding agreement." *Id*.

17. Here, Wells Fargo and Mr. Bath entered into a binding settlement agreement on February 13, 2019, when they reached the Agreement. The material terms of the Agreement, including the amount of payment, were confirmed by both parties in writing. *See* Exhibit B.

---

[3] Due to the confidential nature of the Settlement Agreement, Exhibit I is the subject of a separate Motion to Restrict Access. Accordingly, Exhibit I is filed as restricted and shall be subject to restriction until the motion is determined by the Court. *See* D.C.COLO.LCivR 7.2(e).

4815-8331-0218.2

18. Wells Fargo thereafter memorialized the terms of the Agreement in the draft Settlement Agreement, and incurred time and expense drafting the Settlement Agreement in reliance upon the Agreement.

19. Mr. Bath never questioned the Agreement or amount of payment until Wells Fargo sent him the written Settlement Agreement. *Compare* Exhibit D (requesting an update on his settlement payment) *with* Exhibit F (approximately one hour later, demanding additional money after receiving written settlement agreement).

20. Furthermore, Mr. Bath confirmed his agreement to all terms of the Settlement Agreement (other than the amount of payment) on March 8, 2019, when he executed and returned his proposed version. *See* Exhibit I.

21. Wells Fargo respectfully requests that the Court enforce the Agreement as memorialized in the Settlement Agreement attached hereto as Exhibit C.  In the alternative, Wells Fargo requests an order enforcing the Agreement attached as Exhibit B.

WHEREFORE, Wells Fargo respectfully requests this Court grant the Motion, enforce the Settlement Agreement, and enter an order dismissing Wells Fargo from this matter with prejudice.

///

5

Dated:  March 21, 2019.

                                      *s/ Rebekah L.W. Elliott*
                                      James D. Kilroy
                                      Rebekah L.W. Elliott
                                      Snell & Wilmer L.L.P.
                                      1200 17th Street, Suite 1900
                                      Denver, Colorado 80202
                                      Telephone:  303.634.2000
                                      Facsimile:   303.634.2020
                                      E-mail: jkilroy@swlaw.com
                                                     relliott@swlaw.com

                                      ***Attorneys for Defendant Wells Fargo Bank, N.A.***

4815-8331-0218.2

**CERTIFICATE OF SERVICE**

This is to certify that on March 21, 2019, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record and served by U.S. Regular mail and e-mail on the *pro se* plaintiff at the following address:

    Brian Bath
    5994 S. Holly Street, Suite 244
    Englewood, CO 80111
    Email: bbath2012@aol.com

    /s/*Sandy Braverman*
    Sandy Braverman

4815-8331-0218.2