# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:19-cv-00106-RM-NYW

BRIAN BATH,

    Plaintiff,

v.

TRANS UNION LLC,
LEXISNEXIS RISK SOLUTIONS INC.,
AMERICAN EXPRESS NATIONAL BANK,
PAYPAL, INC.,
FIRST PREMIER BANK, and
TD BANK USA, N.A.,

    Defendants.

---

## ORDER
---

This matter is before the Court on the May 10, 2019, recommendation of United States Magistrate Judge Nina Y. Wang (ECF No. 174) on eight pending motions. As explained below, the Court concludes the magistrate judge's analysis was thorough and sound and that there is no clear error on the face of the record with respect to the recommendation. The Court accepts and adopts the recommendation except as noted below and incorporates it herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). With her recommendation, the magistrate judge issued an order to show cause by May 24, 2019, why four Defendants should not be dismissed under Fed. R. Civ. P. 4(m) because they were not served within ninety days of when the complaint was filed.

The recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the recommendation. No party filed an objection, and the time to do so has expired. "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Nor has Plaintiff responded to the order to show cause.

The magistrate judge determined that Plaintiff failed to state a claim against Defendant American Express National Bank ("American Express") under both Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 12(b)(6) because the complaint "is devoid of any factual allegation specific to American Express" and "fails to plead sufficient facts, taken as true, to suggest that [Plaintiff] is entitled to relief against American Express for any of the asserted claims." (ECF No. 174 at 9.) The Court has reviewed the underlying allegations and agrees that American Express's motion to dismiss (ECF No. 88) should be granted.

The magistrate judge determined that Plaintiff failed to state a claim against Defendant LexisNexis Risk Solutions, Inc. ("LNRS") because the complaint "fail[s] to articulate sufficient facts, taken as true, to state any cognizable claim." (*Id.* at 11.) The Court also agrees that LNRS's motion to dismiss (ECF No. 89) should be granted.

With respect to the motion to enforce the settlement agreement filed by Equifax Information Services LLC ("Equifax") (ECF No. 138), the magistrate judge determined that Equifax is not a party to this action because it is not named in the amended complaint (ECF No. 71). Accordingly, the magistrate judge recommended striking the motion. The Court discerns no error and accepts the magistrate judge's recommendation.

With respect to the motion to enforce the settlement filed by Wells Fargo Bank, N.A. ("Wells Fargo") (ECF No. 145), the magistrate judge recommended that all claims against Wells Fargo be dismissed with prejudice. Plaintiff has since stipulated to dismissing with prejudice his claims against Wells Fargo. (ECF No. 176.) Therefore, the Court disregards this aspect of the magistrate judge's recommendation and simply denies the motion as moot.

The magistrate judge recommended denying Plaintiff's motion to amend the complaint (ECF No. 144), finding that amendment would be futile because, even as amended, Plaintiff's claims still could not survive dismissal under Fed. R. Civ. P. 8 or Fed. R. Civ. P. 12(b)(6). For the same reasons, the magistrate judge also recommended denying Plaintiff's pending motions to strike pleadings by Trans Union LLC and Experian Information Solutions Inc. or, in the alternative, for summary judgment (ECF Nos. 91, 106). The Court accepts these unchallenged recommendations.

With respect to "Defendant Trans Union LLC's Objections and Motion to Strike Plaintiff's Summary Judgment Evidence" (ECF No. 136), the magistrate judge recommended striking an unauthenticated exhibit containing hearsay while also finding that considering the exhibit would not change her recommendation regarding Plaintiff's motions for summary judgment. In light of the lack of any objection from Plaintiff, the Court will grant the motion to strike.

Fed. R. Civ. P. 4(m) provides for dismissal without prejudice of a defendant who is not served within ninety days after the complaint is filed. Plaintiff has not responded to the magistrate judge's order to show cause why the claims against Defendants PayPal, Inc., First

Premier Bank, and TD Bank USA, N.A. should not be dismissed since they had not been served.[1] The Court now dismisses the claims against these Defendants.

The Court ADOPTS the recommendation (ECF No. 174) as stated herein and further ORDERS that:

(1) Defendant American Express's motion to dismiss (ECF No. 88) is GRANTED;

(2) Defendant LNRS's motion to dismiss (ECF No. 89) is GRANTED;

(3) Plaintiff's motions to strike or grant summary judgment (ECF Nos. 91, 106) are DENIED;

(4) Defendant Trans Union LLC's motion to strike (ECF No. 136) is GRANTED;

(5) Equifax's motion to enforce (ECF No. 138) is STRICKEN;

(6) Plaintiff's motion to amend (ECF No. 144) is DENIED;

(7) Wells Fargo's motion to enforce (ECF No. 145) is DENIED AS MOOT; and

(8) Plaintiff's claims against Defendants PayPal, Inc., First Premier Bank, and TD Bank USA, N.A. are DISMISSED WITHOUT PREJUDICE.

DATED this 24th day of June, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[1] The order to show cause also named Defendant RealPage, Inc., which has since been dismissed by stipulation. (ECF No. 180.)

4